# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2008

Charles R. Fulbruge III
Clerk

No. 07-11077
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TERESA RODRIGUEZ ESTRADA

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-85-ALL

Before KING, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Teresa Rodriguez Estrada appeals from the sentence imposed following her conviction of bank fraud. Estrada contends that the district court erred by adjusting her offense level for using sophisticated means because her position as an officer at the Omni American Federal Credit Union allowed her legitimately to open accounts, make transfers and withdrawals, and pledge collateral. According to Estrada, the district court properly adjusted her offense level for abusing her position. However, she argues, her conduct was not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

intricate or complex enough to warrant an adjustment for using sophisticated means.

Estrada's creation of 39 bogus accounts and her use of those accounts to conduct transactions were at least as sophisticated as the schemes at issue in United States v. Wright, 496 F.3d 371 (5th Cir. 2007), and United States v. Clements, 73 F.3d 1330 (5th Cir. 1996), where we affirmed sophisticated-means adjustments. Moreover, application of two different adjustments to the same course of conduct does not constitute double counting if each adjustment targets a different aspect of the defendant's behavior. United States v. Scurlock, 52 F.3d 531, 540 (5th Cir. 1995). The use of sophisticated means to commit the offense and Estrada's abuse of her position to commit the offense were different aspects of her behavior; therefore, the sophisticated-means adjustment did not constitute double counting. See id.

AFFIRMED.